Dear Ms. Guillot:
By resolution of the Municipal Fire Police Civil Service Board ("the Board") for the City of Baker, you request an Attorney General's opinion on the legality of the following proposed Rule XIII in light of the open meetings laws:
 "The Chairman of the Board, after consultation with the Secretary to the Board and each employee representative of the Board, may sign all forms or documents for any Transfer, Application or Test Score, provided that such forms or documents are reported to the Board at the next regular and special meeting for ratification of the Chairman's actions."
By this proposed rule, the Board delegates preliminary review and approval of those specific documents or forms to the Chairman of the Board. This delegated duty requires a consultation with the Board Secretary and the two employee board members.
For purposes of the open meetings laws, LSA-R.S.42:4.2(A)(1) defines a "meeting" as:
 [T]he convening of a quorum of a public body to deliberate or act on a matter over which the public body has supervision, control, jurisdiction, or advisory power. It shall also mean the convening of a quorum of a public body by the public body or by another public official to receive information regarding a matter over which the public body has supervision, control, jurisdiction, or advisory power.
"Public body" includes in its definition "any other state, parish, municipal, or special district boards, commissions, or authorities . . . where such body possesses policy making, advisory, or administrative functions, including any committee or subcommittee of any of these bodies. . . ." LSA-R.S.42:4.1(A)(2).
By the wording of the proposed Rule XIII, it appears the Board has created a committee or subcommittee consisting of the Chairman, Secretary and the employee members on the Board to discuss and act on "any Transfer, Application or Test Score," subject to the Board's ratification. This body appears to possess policy making or, at the very least, advisory power on those matters delegated to it.
Therefore, it is the opinion of this office that the delegated authority to the committee or subcommittee designated under proposed Rule XIII creates a public body subject to the open meetings laws. Any meetings held by that public body must conform with all notice requirements under those laws.
I trust this addresses your concerns. Please contact this office should you require further assistance.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: CARLOS M. FINALET, III
ASSISTANT ATTORNEY GENERAL
RPI:CMF, III/mjb